IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SANDRA KASTRUL,

    Plaintiff,

  v.

CITY OF LAKE OSWEGO, et al.,

    Defendants.

No. 3:09-cv-01008-MO

OPINION AND ORDER

**MOSMAN, J.**,

After a four-day jury trial in this case, the jury returned a verdict in favor of defendants, the City of Lake Oswego and David Donaldson. They now seek $6,227.27 in costs [107].

## DISCUSSION

Federal Rule of Civil Procedure 54 establishes "a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). A district court that does not award costs to the prevailing party must explain why "it would be inappropriate or inequitable" to award them. *Ass'n of Mexican-Am. Educators v. California,* 231

1 – OPINION AND ORDER

F.3d 572, 593 (9th Cir. 2000). The specific types of costs a prevailing party may recover are listed in 28 U.S.C. § 1920.

Plaintiff first argues I should not award costs at all because the claims she pursued were of "the gravest public importance." (Pl.'s Obj. [110] 2). It is true that courts sometimes "decline to award costs to prevailing defendants in civil rights cases to prevent discouraging citizens from bringing meritorious, if ultimately unsuccessful, civil rights actions." *Phillips v. Marion Cnty. Sheriff's Office*, 09-cv-6061-MO, 2011 WL 4007381, at *2 (D. Or. Sept. 8, 2011); *see also, Stanley,* 178 F.3d at 1080 ("Without civil litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483 (1954).").

> However, the amount of costs at issue and the financial means of the particular civil rights litigant are important to this analysis . . . . *Stanley,* 178 F.3d at 1080. Thus, in determining whether a cost award might chill future civil rights litigation, a court should consider the plaintiff's financial resources and also the amount of costs at issue.

*Phillips*, 2011 WL 4007381, at *2. Here, plaintiff does not assert that awarding the costs would pose any financial hardship. And, overall, the amount at issue is not particularly high. Accordingly, plaintiff has not overcome the general presumption in favor of awarding costs and I reject plaintiff's request that I award no costs in this action.

Plaintiff alternatively takes issue with the amount defendants seek for the deposition of Janice Deardorff, whose videotaped deposition both sides played at trial. Ms. Deardorff gave her deposition via videoconference from Arizona, with the lawyers questioning her from Portland. Defendants seek a total of $2,871.32 for this deposition, consisting of a written transcript ($831.32), a video recording ($560), a videoconference room in Arizona ($880), and a

2 – OPINION AND ORDER

videoconference room in Portland ($600). 28 U.S.C. § 1920(2) provides for the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Plaintiff argues the costs for the video were not "necessarily obtained" because defendants received a written transcript. While video deposition may be unnecessary in most situations, Ms. Deardorff was a central witness, was unavailable for trial, and her entire deposition was played to the jury. These facts distinguish this case from those cited by plaintiff. *See Hunt v. City of Portland*, 08-cv-802-AC, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (declining to award costs for deposition video where only portions were played to the jury and the deponent was present at trial so "could have been questioned"); *Pullela v. Intel. Corp.*, 08-cv-1427-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) (declining to award costs for video deposition where defendant prevailed at summary judgment and did not adequately explain need for video). I find that video of Ms. Deardorff's deposition was "necessarily obtained" to keep the jurors' attention and allow them to better judge credibility, which was a central issue in this case. The written transcript was necessary as well because defendants used it in trial preparation and during the pre-trial conference.

Plaintiff also asserts that she should not bear extra costs associated with a perpetuation deposition taken via videoconference because those costs were only incurred for the convenience of Ms. Deardorff and the defendants.[1] The defendants' indirect response is that the costs of making other arrangements would have been roughly equivalent to the costs incurred. Neither side provided any evidence as to whether or not there were less costly alternatives. However, defendants seek $1,480.00 for the rental of videoconference rooms in Arizona and Portland. It seems implausible that they could not have avoided at least some of that $1,480.00 by flying Ms.

---

[1] Plaintiff additionally argues the costs of deposition video recordings and videoconferencing are not recoverable but the cases she cites do not address the issue. *See, e.g., Technical Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1468 (11th Cir. 1998) (holding costs of playing videotaped depositions at trial are not recoverable).

3 – OPINION AND ORDER

Deardorff to Portland, even if her three-hour deposition would have required a hotel and a car rental. While the lack of evidence from the parties does not allow precision, I therefore reduce defendants' costs by $400.00.

## CONCLUSION

I GRANT IN PART AND DENY IN PART the Bill of Costs [107] and award defendants costs in the amount of $5,827.27.

IT IS SO ORDERED.

DATED this  14th  day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER